IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHNNY BROWN, ) | |
| AIS #212271, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:15-CV-102-MHT |
| ) | |
| DRAPER CORRECTIONAL ) | |
| FACILITY, et al., ) | |
| ) | |
| Defendants. ) | |

# RECOMMENDATION OF THE MAGISTRATE JUDGE

## I. INTRODUCTION

In this 42 U.S.C. § 1983 action, Johnny Brown ("Brown"), an indigent state inmate, challenges the constitutionality of actions taken against him at the Draper Correctional Facility. Specifically, Brown alleges that a correctional officer is verbally harassing him. *Complaint - Doc. No. 1* at 3. Brown names the Draper Correctional Facility and Officer Bowman as defendants in this cause of action.

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[1]

---

[1] The court granted Brown leave to proceed *in forma pauperis* in this case. *Order of February 10, 2015 - Doc. No. 3*. This court must therefore screen the complaint under 28 U.S.C. § 1915(e)(2)(B) which requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## II.  DISCUSSION

### A.  Draper Correctional Facility

A correctional facility is not a legal entity subject to suit under 42 U.S.C. § 1983, *see Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992), nor is it a person within the meaning of § 1983 for such purpose.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65, 109 S.Ct. 2304, 2309 (1989).  In light of the foregoing, the court concludes that the claims lodged against Draper Correctional Facility are "based on an indisputably meritless legal theory" and are therefore due to be dismissed as frivolous pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i).  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2]

### B.  Claim for Relief - Derogatory Language

Brown alleges that defendant Bowman verbally harasses him by calling him derogatory names, i.e., bitch and whore.  *Complaint - Doc. No. 1* at 3.  This claim is without merit.

To state a viable claim for relief in a 42 U.S.C. § 1983 action, the conduct complained of must have deprived the plaintiff of rights, privileges or immunities secured by the Constitution.  *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993).  Derogatory, demeaning, profane, threatening or

---

[2] Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to 28 U.S.C. § 1915(e)(2), the analysis contained therein remains applicable to the present statute.

abusive comments made by a correctional officer to an inmate, no matter how repugnant or unprofessional, do not rise to the level of a constitutional violation. *Edwards v. Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989) (mere verbal taunts, despite their distressing nature, directed at inmate by jailers do not violate inmate's constitutional rights); *Ayala v. Terhune*, 195 Fed. Appx. 87, 92 (3rd Cir. 2006) ("[A]llegations of verbal abuse, no matter how deplorable, do not present actionable claims under § 1983."); *McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) ("[A]cts ... resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment."); *Sims v. Hickok*, 185 F.3d 875 (10th Cir. 1999) (district court's summary dismissal of inmate's complaint for failure to state a claim appropriate because officer's insults and racial slurs did not amount to a constitutional violation); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (verbal abuse, even if racially or ethnically motivated, does not give rise to a cause of action under § 1983); *Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992) (mere threats, even to inmate's life, made by guard do not satisfy the objective component of the Eighth Amendment as verbal threats and harassment are "necessarily excluded from the cruel and unusual punishment inquiry...."); *Ivey v. Wilson*, 832 F.2d 950, 954-955 (6th Cir. 1987) (verbal abuse alone is not violative of the Eighth Amendment); *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987) ("alleged verbal threats by jail officials ... did not rise to the level of a constitutional violation."); *Gaul v. Sunn*, 810 F.2d

923, 925 (9th Cir. 1987) (Eighth Amendment trivialized by assertion that mere threat constitutes a constitutional wrong); *Purcell v. Coughlin*, 790 F.2d 263, 265 (2nd Cir. 1986) (mere name-calling did not violate inmate's constitutional rights); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (verbal abuse, including threat of harm, not actionable under § 1983). Consequently, Brown fails to state a cognizable claim with respect to the derogatory language used by officer Bowman and dismissal of this claim in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) is appropriate.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

It is further

ORDERED that on or before February 27, 2015 the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the

Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 11th day of February, 2015.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE